RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
BRIAN PUGH
Assistant Federal Public Defender
Law Office of the Federal Public Defender
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Attorneys for Jonathan Sorrels

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-cr-378-GMN-PAL |
| Plaintiff, | **UNOPPOSED MOTION TO CORRECT SENTENCE** |
| vs. | |
| JONATHAN SORRELS, | |
| Defendant. | |

Certification: This motion is timely filed.

The defendant, JONATHAN SORRELS, by and through his counsel of record, Brian Pugh, Assistant Federal Public Defender, pursuant to Fed. R. Crim. P. 35, submits this Motion to Correct Sentence for consideration by the Court. This motion is based on the attached Memorandum of Points and Authorities.

DATED this 2nd day of May, 2016.

RENE VALLADARES
Federal Public Defender

*/s/ Brian Pugh*
By_____
BRIAN PUGH,
Assistant Federal Public Defender

**MEMORANDUM OF POINTS AND AUTHORITIES**

On April 21, 2016, this Court sentenced Mr. Sorrels to a four-month split sentence with two months to be served in the custody of the U.S. Bureau of Prisons ("USBOP") and the remaining two months to be served in home confinement.  Doc. 36.  On April 22, 2016, this Court filed its Judgment which memorialized the same sentence, "4 months custody total.  The first 2 months to be served in custody of USBOP and the remaining 2 months as home confinement."  Doc. 38, at 2.

On May 2, 2016, the government received from the USBOP stating in substance that it could not enforce this Court's sentence as currently structured.  The government forwarded the USBOP letter to the undersigned.  The USBOP letter is attached hereto as Exhibit A.  The stated the USBOP's "authority to confine someone on home confinement is limited to the shorter of 10 percent of the defendant's term of imprisonment or six months."  The letter went on to say that if the sentence remained as currently structured, Mr. Sorrels would serve three and a half months of the four-month sentence in prison followed by home confinement for the final half month.

The USBOP also suggested a modification to remedy the discrepancy between this Court's intent and how the USBOP would implement the current sentence:

> If it is the Court's intent, therefore, that the defendant be placed on home confinement for two months, the Court may amend the Judgment to impose a total term of two months for the defendant to serve in Bureau custody, along with a special condition of supervision stating the defendant is to serve the first two months of his supervised release on home confinement.

2

The Federal Rules of Criminal Procedure provide, "Within 14 days after sentencing, the court may correct[1] a sentence that resulted from arithmetical, *technical*, or other clear error." Fed. R. Crim. P. 35(a) (*emphasis added*).

It has been less 12 days since Mr. Sorrels was sentenced. Therefore, it is within the 14-day time limit within which this Court is permitted to correct his sentence.

The parties recommended a sentence that is *technically* incorrect. With the assistance of the U.S. Probation Officer present at sentencing, this Court followed the parties' recommendation and imposed a sentence that the USBOP is not permitted to follow. This appears to be a technical error.

To accomplish the intention of this Court and the parties, Mr. Sorrels respectfully requests that this Court correct the Judgment and impose the sentence suggested by the USBOP, namely, "a total term of two months for the defendant to serve in Bureau custody, along with a special condition of supervision stating the defendant is to serve the first two months of his supervised release on home confinement."

The government does not oppose this request.

---

[1] There is no rule regarding "amending" a sentence.

3

## CONCLUSION

Mr. Sorrels respectfully requests that this court, correct his sentence and impose a two-month term of imprisonment, along with a special condition of supervision stating he is to serve the first two months of his supervised release on home confinement.

Dated this 2nd day of May, 2016.

>Respectfully submitted,
>
>RENE VALLADARES
>Federal Public Defender
>
>By: /s/ *Brian Pugh*
>BRIAN PUGH
>Assistant Federal Public Defender

**IT IS SO ORDERED.**
**DATED** this __9__ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court

4